**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EXPORT DEVELOPMENT CANADA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:20-00599-KD-B** |
| | ) | |
| **SHORE ACRES PLANT FARM, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff Export Development Canada (Plaintiff)'s Amended Rule 55(b)(2) motion for entry of a default judgment against the Defendant. (Doc. 15).

At the outset, the Court adopts and incorporates by reference, the March 16, 2021 Order ruling on Plaintiff's initial Rule 55(b)(2) motion for default judgment. (Doc. 14). In that Order, the Court specified that it would withhold judgment for 7 days to allow Plaintiff to amend its motion to set forth accurate calculations of interest under the statute and to cite authority that the damages in this case are easily ascertainable. Given Plaintiff's timely amended motion, the Court now finds as follows, which shall serve as a supplement to the March 16, 2021 ruling:

**First,** Plaintiff's amended motion again seeks attorneys' fees and costs. The Court has already analyzed and denied Plaintiff's request for same. As such, Plaintiff's amended motion in this regard is **MOOT.**

**Second,** the Court addresses the recoverability of interest based on the March 16, 2021 ruling that Plaintiff had established the enforceability of an oral contract for the sale of goods with Defendant Shore Acres Plant Farm, Inc. (Shore Acres), Shore Acres' liability under same due to non-payment, and the principal sum due and owing. Notably, in the Court's prior ruling, the

undersigned denied Plaintiff's request for $54,240.18 in interest calculated on an interest rate contained in the credit agreement, which was found inapplicable.  In doing so, the Court stated:

\*\*\*

First, as indicated *supra*, based on the oral contract and invoices, and as Shore Acres' liability has been established due to non-payment, the Court **GRANTS** EDC's motion as to its ability to recover the price of the goods accepted per Section 7-2-709, and such is awarded in the amount of **$275,981.89.**

\*\*\*

Under § 7–1–103, Ala.Code 1975, common-law principles are intended to supplement the UCC, unless those common-law principles are displaced by a particular provision or provisions of the UCC."  Fitts v. AmSouth Bank, 917 So. 2d 818, 824 (Ala. 2005).  Section 8-8-8 of the Alabama Code provides that "[a]ll contracts, express or implied, for the payment of money ... bear interest from the day such money ... should have been paid."  Section 8-8-1 further provides that the maximum statutory rate of prejudgment interest is 6% per annum.  Because prejudgment interest is not addressed or displaced by any particular provision of the UCC, it appears EDC may be entitled to prejudgment interest.  "Indeed, the law requires that prejudgment interest be applied to those damages that are capable of being ascertained with 'ease and certainty' or by 'a simple mathematical computation.'"  Ballard v. Lee A. McWilliams Constr., Inc., 258 So. 3d 336, 339 (Ala. Civ. App. 2018) (citations omitted).  However, the interest rate to be applied is a maximum of 6% per annum, not 1.5% monthly.

The undersigned then granted leave to Plaintiff to set forth an accurate calculation of the interest due at the 6% per annum rate.

In the amended motion, Plaintiff addresses the Court's Ala. Code § 8-8-1 interest rate assessment.  In so doing, the Plaintiff explains that the damages sought are ascertainable as based on the previously submitted invoices issued for the goods.  (Doc. 13-4 (Decltn. Rozendaal) and Doc. 13-5 (Invoices)).  Per Plaintiff, prejudgment interest may be calculated (at 6% per annum) by a simple mathematical formula based on the amount due for each invoice, as detailed in the Supplemental Declaration of Lowe as of March 23, 2021:

2

| Interest Due | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice No. | Invoice Date | Payment Due Date | Amount Due | Annual Interest Rate | Daily Interest Rate | Days Overdue | Current Date | Total Interest |
| 2019-11-0223 | 11/22/2019 | 1/28/2020 | $70,172.94 | 6.00% | $11.63 | 420 | 3/23/2021 | $4,884.60 |
| 2019-11-0229 | 11/22/2019 | 1/21/2020 | $34,803.36 | 6.00% | $5.72 | 427 | 3/23/2021 | $2,442.44 |
| 2019-11-0231 | 11/22/2019 | 1/21/2020 | $56,555.46 | 6.00% | $9.29 | 426 | 3/23/2021 | $3,957.54 |
| 2019-11-0241 | 11/25/2019 | 1/24/2020 | $39,153.78 | 6.00% | $6.43 | 424 | 3/23/2021 | $2,726.32 |
| 2019-11-0261 | 11/26/2019 | 1/25/2020 | $52,205.04 | 6.00% | $8.58 | 423 | 3/23/2021 | $3,629.34 |
| 2019-11-0263 | 11/27/2019 | 1/26/2020 | $23,091.31 | 6.00% | $3.79 | 422 | 3/23/2021 | $1,599.38 |
| | | **Total** | **$275,981.89** | | **Total Interest Owed** | | | **$ 19,239.62** |

(Doc. 15-1 at 2 (Supp. Decltn. Lowe at ¶3)).  Plaintiff contends that per the 6% per annum interest rate under Ala. Code § 8-8-1, **$19,239.62** in prejudgment interest is accordingly recoverable. (Doc. 15-1 (Decltn. Lowe Supp. at ¶ 3).  The Court agrees, and the additional sum of **$19,239.62** in prejudgment interest is awarded such that Plaintiff's amended motion is **GRANTED** in that regard.

In the alternative -- and *based entirely on the credit agreement* -- Plaintiff seeks prejudgment interest at the rate of 1.5% per month, as well as post-judgment interest at the rate of 1.5% per month or 18% per annum[1] under same.  The Court has already addressed why the credit agreement is inapplicable and why any provisions in same would provide no basis for relief, including for any interest rates set forth in same.  Plaintiff's amended motion does not persuade

---

[1] This rate differs from that in the credit agreement, 19.56% per annum (Doc. 1-1 at 2), without explanation.

3

the undersigned to find otherwise, and instead simply restates its prior contentions which were found unavailing.  (Doc. 15 at 6).

Accordingly, it is **ORDERED** that Plaintiff's amended motion (Doc. 15) is **GRANTED in part,** such that the total sum of **$295,221.21** ($275,981.89 for the principal due plus $19,239.32 prejudgment interest) is awarded to Plaintiff Export Development Canada due to Defendant Shore Acres Plant Farm, Inc.'s breach of the oral contract for the sale of goods.

A separate Final Judgment shall issue in accordance with the rulings set forth in the Court's March 16, 2021 Order (Doc. 14) and those contained in this Order.

**DONE** and **ORDERED** this the **25th** day of **March 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**